```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - -- - - - - - - - - - - x

UNITED STATES OF AMERICA           :
                                              S2 07 Cr. 137 (SAS)
           - v.-                   :

WILLIAM NKRUMAH,                   :
    a/k/a "Rasheed,"
    a/k/a "John Graham," and       :
ADAM TAWIK,
                                   :
              Defendants.
- - - - - - - - - - - - - - - - - - x
```

**PROPOSED VOIR DIRE**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - -- - - - - - - - - - - x

UNITED STATES OF AMERICA         :
                                           S2 07 Cr. 137 (SAS)
          - v.-                  :

WILLIAM NKRUMAH,                 :
     a/k/a "Rasheed,"
     a/k/a "John Graham," and    :
ADAM TAWIK,
                                 :
               Defendants.
- - - - - - - - - - - - - - - - - - x
```

**PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

The parties respectfully request the Court to include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendants.

   A.   **Introduction**

        1.   This is a criminal case. The defendants WILLIAM NKRUMAH, a/k/a "Rasheed," a/k/a "John Graham," and ADAM TAWIK have been charged with the commission of federal crimes in an Indictment filed by a grand jury sitting in this district. The

Indictment in this case charges WILLIAM NKRUMAH and ADAM TAWIK with (1) committing access device fraud; (2) conspiring to commit access device fraud; and (3) committing aggravated identity theft.

You will hear a lot more about these charges in the coming days, but let me take this opportunity to summarize briefly the allegations in the Indictment:

WILLIAM NKRUMAH and ADAM TAWIK are charged with having used credit card numbers of other people-without their permission-to purchase generators from a store in New Jersey.

Does any juror have any personal knowledge of the charges in the Indictment as I have described them to you?

**B.    Nature of the Charges**

2.  Do you currently, or have you ever, worked at a credit card company?  Do you currently or have you ever worked at a business where you processed credit card information?  Will the fact that the charges involve allegations of defrauding a credit card company make it difficult for you to render a fair verdict?

3.   Have you, or any member of your family or a close friend, ever been a victim of identity theft or credit card fraud?  If so, have you ever engaged in a discussion with the victim of identity theft or credit card fraud about the consequences of that crime?  Will the fact that the charges involved allegations of identity theft and credit card fraud make

it difficult for you to render a fair verdict?

    **C.**    <u>**Knowledge of the Trial Participants**</u>

4.  Does any juror know, or has he or she had any dealings, directly or indirectly, with WILLAIM NKRUMAH or ADAM TAWIK, or with any relative, friend or associate of WILLIAM NKRUMAH or ADAM TAWIK?

5.  The Government is represented here, as in all cases where it is a party before the Court, by the United States Attorney for the Southern District of New York -- who is Michael J. Garcia.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Parvin Moyne and Andrew Dember, who will be assisted by Amy Young, a paralegal in the United States Attorney's Office.  With them at counsel table is Robert Moriarty, an Inspector with the United States Postal Inspection Service.  Do you know Mr. Garcia, Ms. Moyne, Mr. Dember, Ms. Young, or Mr. Moriarty?  Have you had any dealings, either directly or indirectly, with any of them?

6.  WILLIAM NKRUMAH is represented by Daniel Nobel, and ADAM TAWIK is represented by Bruce McIntyre.  Do any of you know Daniel Nobel or Bruce McIntyre?  Have you had any dealings with them, either directly or indirectly?

7.  Does any juror know or has he or she had any dealings, either directly or indirectly with any of the following individuals whose names may come up -- or who may be

called as witnesses -- in the course of this trial?

**[A list of relevant names and places will be supplied prior to jury selection.]**

    D.    <u>Relationship With Government</u>

    8.    Do any of you know, or have any type of dealings with any member of the staff of the United States Attorney's Office for the Southern District of New York, the United States Postal Inspection Service, or the New York City Police Department?  Is any member of your family employed by any federal department or agency, any law enforcement agency, or any securities regulatory agency, whether federal, state or local?

    9.    Does any juror have any bias, prejudice or other feelings for or against the United States Attorney's Office, the United States Postal Inspection Service, the New York City Police Department, or any other law enforcement or regulatory agency?

    10.    Have you, or any family member, ever been a party to any legal action or dispute with the United States, any officer, department, agency, or employee of the United States?

    11.    Have you, or has any member of your family, had involvement with the United States Postal Inspection Service or the New York City Police Department?  Would anything about such experience make it difficult for you to hear this case fairly?

    12.    Have you, or any member of your family, ever been employed by a criminal defense lawyer or private investigator?

**E.    Prior Jury Service**

13.  Have you ever, at any time, served as a member of a grand jury, whether federal, state, county or city court?

14.  Have you ever served as a juror in a trial in any court?  If so, when and in what court did you serve and was it a civil or criminal case?  Did the jury reach a verdict?

**F.    Experience as a Witness, Defendant, or Crime Victim**

15.  Has any juror or any relative or close friend ever been involved or appeared as a witness in any investigations by a federal or state grand jury?

16.  Have you ever been a witness or a complainant in any prosecution, state or federal?

17.  Are you, or any family member, to your knowledge, now under subpoena?

18.  Have you, any member of your family, business associate or close friend, ever been charged with a crime?

19.  Has any juror or any relative, associate, or close friend ever been the subject of any investigation or accusation by any grand jury, federal or state?

20.  Has any juror, or close friend or relative of any juror, ever been a victim of a crime?

21.  Has any juror, or close friend or relative of any juror, ever been a victim of identity theft or stolen credit card

numbers?

###### G.  Views On Witnesses and Investigative Techniques

22.  The witnesses in this case may include law enforcement personnel.  Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

###### H.  Individual Questions for Each Juror

23.  The parties respectfully request that the Court ask each juror to state the following information:

    (a)  the juror's occupation and educational background;

    (b)  the name and general location of the juror's employer;

    (c)  the period of employment with that employer;

    (d)  the nature of the juror's work;

    (e)  the same information concerning other employment within the last five years;

    (f)  the same information with respect to the juror's parents, spouse and any working children, and siblings;

    (g)  the area in which the juror resides and how long they have resided there (the parties respectfully request that the jurors not be asked their exact address); and

    (h)  the newspapers and magazines the juror reads regularly.

### I. General Questions for the Panel

24.  Does any juror have a problem with his or her hearing or vision which would prevent him or her from giving full attention to all of the evidence at this trial?

25.  Are any of you taking any medication which would prevent you from giving full attention to all of the evidence at this trial?

26.  Does any juror have any difficulty in reading or understanding English?

27.  The trial in this case is expected to last approximately three days.  Is there anything about the length of the trial that would make it an extreme hardship for you to serve as a juror?

### J. Function of the Court and Jury

28.  The function of the jury is to decide questions of fact.  As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder.  However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions.  You may not substitute your ideas of what the law is or what you may think the law should be.  At the conclusion of this case, your job will be to determine whether or not each of the defendants is guilty

of each of the crimes charged in the Indictment.  Does any juror have any bias or prejudice that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

        29.  Will each of you accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into your deliberations as to whether the defendants on trial here are guilty?

        30.  Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to guilt or non-guilt of the defendants, and that only the evidence produced here in Court may be used by you to determine the guilt or non-guilt of the defendants?

        31.  It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any juror who feels that even if the evidence established the guilt of either defendant beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

        32.  Just as rendering a guilty verdict may be unpleasant, sometimes if an individual is charged with a crime, such as those charged here, that affects ordinary people in their everyday life, some jurors may find it difficult to comply with some of the rules of law that apply in every criminal case, such

as the presumption of innocence or the requirement that guilt be proven beyond a reasonable doubt.  Is there anyone here who might not be able to render a not guilty verdict on charges in this indictment for reasons unrelated to the law and the evidence?

33.  Do any of you have any religious, philosophical or other beliefs which would make you unable to render either a guilty verdict or a not guilty verdict for reasons unrelated to the law and the evidence?

34.  In these questions, I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror.  Aside from the previous questions I have asked, does any juror have the slightest doubts in his or her own mind, for any reason whatsoever, about his/her ability to conscientiously, fairly, and impartially serve in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it would be explained to you?

**K.    Requested Instruction Following Impaneling of the Jury**

35.   From this point on until you retire to deliberate your judgment, it is your duty not to discuss this, and not to remain in the presence of other persons who may be discussing this case.  This rule about not discussing the case with others includes discussions even with members of your family or friends.

If at any time during the course of this trial, any person attempts to communicate with you, either verbally or in writing, about this case, whether it be in or out of this Courthouse, you should immediately report this attempt to me.  In this regard, let me explain to you that attorneys in this case are not supposed to speak to you, even to offer a friendly greeting, and have been directed not to do so.  So if you should see any of them outside this Courtroom they will, and should, ignore you.  Please do not think that they are being rude or discourteous.  They will only be acting properly by doing so.

Dated:    New York, New York
          August 28, 2007

                                      Respectfully submitted,

                                      MICHAEL J. GARCIA
                                      United States Attorney for the
                                      Southern District of New York
                                      Attorney for the United States
                                      of America

                                By: ___/s/_____
                                   Parvin Moyne
                                   Assistant United States Attorney
                                   (212) 637-2510

By: __/s/_____      ___/s/_____
    Bruce McIntyre, Esq.           Daniel Nobel, Esq.
    *Attorney for* Adam Tawik        *Attorney for* William Nkrumah
    Telephone:(212) 219-3100       Telephone:(212) 219-2870