UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - -- - - - - - - - - x

UNITED STATES OF AMERICA                    :

                - v.-                       :    S2 07 Cr. 137 (SAS)

WILLIAM NKRUMAH,                            :
     a/k/a "Rasheed",
     a/k/a "John Graham", and              :
ADAM TAWIK,
                                            :
                Defendants.
- - - - - - - - - - - - - - - - - x


JOINT REQUESTS TO CHARGE

TABLE OF CONTENTS

REQUEST NO.                                                          PAGE

1    General Requests  . . . . . . . . . . . . . . . .   1

2    The Indictment. . . . . . . . . . . . . . . . . .   2

3    Summary of the Indictment . . . . . . . . . . . .   3

4    Multiple Defendants . . . . . . . . . . . . . . .   4

5    Multiple Counts  . . . . . . . . . . . . . . . . .   5

6    Count One: Effecting Transactions with Access Devices -
     The Statute (18 U.S.C. § 1029(a)(5))  . . . . . .  6-7

7    Count One: Effecting Transactions with Access Devices -
     Elements of the Offense . . . . . . . . . . . . .   8

8    Count One: Effecting Transactions with Access Devices -
     First Element - Existence of Access Device  . . .   9

9    Count One: Effecting Transactions with Access Devices -
     Second Element: Use of Access Device Issued to Another
     Person  . . . . . . . . . . . . . . . . . . . . .  10-11

10   Count One: Effecting Transactions with Access Devices -
     Third Element: Intent . . . . . . . . . . . . . .  12-13

11   Count One: Conscious Avoidance  . . . . . . . .  14-15

12   Count One: Effecting Transactions with Access Devices -
     Fourth Element:  Effect on Interstate Commerce  . .  16

13   Count One: Attempt  . . . . . . . . . . . . . . .  17-18

14   Count One: Aiding and Abetting  . . . . . . . . .  19-21

15   Count Two: Access Device Fraud Conspiracy - General
     Instructions (18 U.S.C. § 1029(b)(2)) . . . . .  22-23

16   Count Two: Access Device Fraud Conspiracy - Elements of
     Conspiracy  . . . . . . . . . . . . . . . . . .  24-25

17   Count Two: Access Device Fraud Conspiracy - First
     Element: Existence of the Conspiracy  . . . . .  26-30

i

18    Count Two: Access Device Fraud Conspiracy - Second
      Element: Membership in the Conspiracy . . . . .    31-35

19    Count Two: Access Device Fraud Conspiracy - Conscious
      Avoidance . . . . . . . . . . . . . . . . . . .    36-37

20    Count Two: Access Device Fraud Conspiracy - Third
      Element: Overt Act  . . . . . . . . . . . . . .    38-39

21    Count Two: Access Device Fraud Conspiracy - Liability
      for Acts and Declarations of Co-Conspirators  .    40-41

22    Count Three: Aggravated Identity Theft -
      The Statute . . . . . . . . . . . . . . . . . .    42

23    Count Three: Aggravated Identity Theft -
      The Elements  . . . . . . . . . . . . . . . . .    43

24    Count Three: Aggravated Identity Theft -
      First Element: Committed A Specified Felony . . .    44

25    Count Three: Aggravated Identity Theft -
      Second Element: Transfer, Possession, or Use of
      Means of Identification of Another  . . . . . .    45-46

26    Count Three: Aggravated Identity Theft -
      Third Element: Without Lawful Authority . . . . .    47

27    Count Three:  Aiding and Abetting . . . . . . . .    48

28    All Counts:  Venue  . . . . . . . . . . . . . .    49

29    Variance in Dates . . . . . . . . . . . . . . .    50

30    Persons Not on Trial/Failure to Name a Defendant  .    51

31    Defendant's Right Not To Testify  . . . . . . . .    52

32    Defendant's Testimony . . . . . . . . . . . . .    53

33    Law Enforcement Witnesses . . . . . . . . . . .    54

34    Preparation of Witnesses  . . . . . . . . . . .    55

35    Uncalled Witnesses - Equally Available  . . . . .    56

36    Stipulations  . . . . . . . . . . . . . . . . .    57

37    Particular Investigative Techniques Not Required  .  58

38    Sympathy: Oath as Juror . . . . . . . . . . . . . . 59

39    Conclusion  . . . . . . . . . . . . . . . . . . 60-61

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the court give its usual instructions to the jury on the following subjects:

a.    Function of the Court and Jury

b.    Evidence

c.    Rulings on Objections and Evidence

d.    Statements of Court and Counsel not Evidence

e.    Burden of Proof and Presumption of Innocence

f.    Reasonable Doubt

g.    Government Treated Like Any Other Party

h.    Definitions and Examples of Direct and Circumstantial Evidence

i.    Credibility of Witnesses

j.    Interest in Outcome

k.    Right to See Exhibits and Have Testimony Read During Deliberations

l.    Punishment Is Not To Be Considered By The Jury

m.    Verdict of Guilt or Innocence must be Unanimous

**REQUEST NO. 2**

**The Indictment**

The defendants are formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not evidence. The Indictment in this case contains three counts. Before you begin your deliberations, you will be provided with a copy of the Indictment containing these charges. I will first summarize the offenses charged in the Indictment. Then I will explain in detail the elements of the offenses.

2

## REQUEST NO. 3

### Summary of the Indictment

Count One of the Indictment charges each of the defendants with the crime of effecting and attempting to effect transactions with access devices.  Specifically, Count One charges the defendants with effecting and attempting to effect transactions with one or more access devices issued to another person and persons, to receive payment and other things of value aggregating $1,000 and more during a one-year period.

Count Two of the Indictment charges the defendants with conspiracy to commit access device fraud.  Specifically, Count Two charges the defendants with participating in a conspiracy with the object to effect transactions with access devices issued to another person and persons.  The object of this conspiracy is also charged as a substantive offense in Count One, so I will explain the object with reference to Count One more specifically.

Count Three of the Indictment charges the defendants with aggravated identity theft.  Specifically, Count Three charges the defendants with using a means of identification of another person during and in relation to the commission of access device fraud.

The Indictment alleges that all of these offenses took place in December 2006.

3

## REQUEST NO. 4

### Multiple Defendants

As I just indicated, the Indictment charges two defendants who are on trial together.  In reaching a verdict, however, you must bear in mind that guilt is individual.  Your verdict as to each defendant must be determined separately with respect to him for each count in which he is charged, solely on the evidence presented against him without regard to the guilt of anyone else.

**REQUEST NO. 5**

**Multiple Counts**

As I just indicated, the Indictment contains a total of three counts.  Each count constitutes a separate offense or crime.  You must consider each count of the Indictment separately, and you must return a separate verdict on each count in which the defendant you are considering is charged.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 3-8 (1999); see United States v. Sanzo, 673 F.2d 64 (2d Cir.), cert. denied, 459 U.S. 858 (1982).

5

<u>**REQUEST NO. 6**</u>

**Count One: Effecting Transactions with Access Devices -
The Statute (18 U.S.C.§ 1029(a)(5))**

Count One of the Indictment charges each of the defendants with effecting and attempting to effect transactions with access devices issued to other persons, in violation of Title 18, United States Code, Sections 1029(a)(5) and (b)(1). Specifically, Count One charges, and I am reading from the Indictment, that:

[***The Court is respectfully requested to read Count One to the Jury, which states:***

> In or about December 2006, in the Southern District of New York and elsewhere, WILLIAM NKRUMAH, a/k/a "Rasheed", a/k/a "John Graham", and ADAM TAWIK, the defendants, unlawfully, willfully, and knowingly, and with intent to defraud, in an offense affecting interstate commerce, did effect and attempt to effect transactions, with one and more access devices issued to another person and persons, to receive payment and other things of value during a one-year period, the aggregate value of which is equal to and greater than $1,000, to wit NKRUMAH and TAWIK, without authorization, used credit card account numbers issued to others to purchase and attempt to purchase generators from a store in New Jersey.

The relevant statute on this subject is section 1029 of Title 18 of the United States Code, and specifically, subsections (a)(5) and (b)(1) thereof. Subsection (a)(5) provides, in relevant part, that:

> "Whoever . . . knowingly and with intent to defraud effects transactions, with 1 or more access devices issued to

another person or persons, to receive payment or any other thing
of value during any 1-year period the aggregate value of which is
equal to or greater than $1,000"

       is guilty of a crime.

       Subsection (b)(1) provides, in relevant part, that:

       "Whoever attempts to commit an offense under subsection
(a) of this section"

       is also guilty of a crime.

7

<u>REQUEST NO. 7</u>

**Count One: Effecting Transactions with Access Devices -
Elements of the Offense**

In order to find the particular defendant you are considering guilty of Count One, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the credit card account numbers with which the Government alleges the defendant effected and attempted to effect transactions are what the law calls "access devices."

<u>Second</u>, that the defendant used, attempted to use, or aided and abetted the use or attempted use of one or more access devices issued to another person or persons during any one-year period, and in so doing obtained anything of value amounting to $1,000 or more.

<u>Third</u>, that the defendant acted knowingly, willfully and with intent to defraud.

<u>Fourth</u>, that interstate or foreign commerce was affected by the defendant's actions.

Adapted from Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 40-3.

8

## <u>REQUEST NO. 8</u>

**Count One: Effecting Transactions with Access Devices -
First Element – Existence of Access Device**

In order to find the particular defendant you are considering guilty, the first element the Government must prove beyond a reasonable doubt is that the credit card account numbers the Government alleges the defendant used are what the law calls "access devices."  The term access device means:

> any car, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

With regard to the first element, I instruct you that credit cards and credit card account numbers qualify as "access devices" under the statute.

> 18 U.S.C. § 1029(e)(1).  Adapted from Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 40-4.

9

<u>**REQUEST NO. 9**</u>

**Count One: Effecting Transactions with Access Devices -
Second Element:  Use of Access Device Issued to Another Person**

The second element that the Government must prove
beyond a reasonable doubt is that the particular defendant you
are considering used, attempted to use, or aided and abetted the
use or attempted use of one or more access devices issued to
another person or persons, and in so doing obtained or attempted
to obtain anything of value amounting to $1,000 or more during
any one year period.

In connection with this element, the Government must
prove that the particular defendant you are considering, or a
person he aided and abetted, received or attempted to receive at
least $1,000 worth of goods, services, or money during a one-year
period.  In this regard, no one item need be worth $1,000.  The
$1,000 threshold can be satisfied by any number of small and
large transactions with one or more unauthorized access devices,
provided first, that the total value of goods, services or money,
adds up to at least $1,000, and second, that the $1,000 was
obtained during a one-year period.

As part of this element, the Government must also prove
that the access device in question was actually issued to another
person or persons.  If you find that the access device in
question was actually issued to a person other than the
defendant, then this element is satisfied.

10

Adapted from Sand _et al._, _Modern Federal Jury Instructions_, Instr. 40-6, 40-7, 40-9.

## REQUEST NO. 10

### Count One: Effecting Transactions with Access Devices - Third Element: Intent

The third element the Government must establish beyond a reasonable doubt is that the particular defendant you are considering acted unlawfully, willfully, and knowingly, and with intent to defraud.  "Unlawfully" means simply contrary to law. The defendant need not have known that he was breaking any particular law or any particular rule.  The defendant need only have been aware of the generally unlawful nature of his acts or plans.  To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law. "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.  "Intent to defraud" means to act purposely to defraud.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

12

The ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

As a practical matter, then, in order to sustain the charges against a particular defendant, the Government must establish beyond a reasonable doubt that he knew that his conduct was calculated to deceive and nonetheless he undertook the activity for the purpose of causing some loss to another.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 40-14.


**Defendants WILLIAM NKRUMAH and ADAM TAWIK object to the above underlined language.  Otherwise, this request is without objection.**

13

## REQUEST NO. 11

### Count One: Conscious Avoidance

I have just instructed you that the Government must prove beyond a reasonable doubt, first, that the particular defendant you are considering acted unlawfully, willfully, and knowingly, and with intent to defraud. Let me say one other thing about the knowledge element regarding the objectives or purposes of the conspiracy. In determining whether the defendant acted knowingly and willfully regarding the objectives or purposes of the conspiracy, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

I would like to point out that the necessary knowledge on the part of a defendant cannot be established by showing that the defendant was careless, negligent, or foolish. However, one may not willfully and intentionally remain ignorant of a fact material and important to his conduct in order to escape the consequences of criminal law. Thus, if you find beyond a reasonable doubt that the particular defendant you are considering deliberately and consciously avoided confirming that the credit card account numbers used to obtain and attempt to obtain items of value belonged to another, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually

14

believed that the use of the credit card account numbers was

authorized.

> Adapted from the charge in <u>United States v. Mang Sun
> Wong</u>, 884 F.2d 1537, 1541-43 (2d Cir. 1989) (expressly
> approving charge), cert. denied, 493 U.S. 1082 (1990).

> "A conscious avoidance charge is appropriate when the
> defendant claims a lack of knowledge of the relevant
> acts [sic], but the surrounding circumstances would
> permit a reasonable juror to conclude that the
> defendant should have known about them." <u>United States
> v. Brito</u>, 907 F.2d 392, 396 (2d Cir. 1990). <u>See United
> States v. Rodriguez</u>, 983 F.2d 455, 457-58 (2d Cir.
> 1993) (clarifying when charge is appropriate: "[T]he
> charge is warranted only if the evidence is such that a
> rational juror may reach that conclusion beyond a
> reasonable doubt"). <u>See also United States v. Lanza</u>,
> 790 F.2d 1015, 1022 (2d Cir. 1986); <u>United States v.
> Guzman</u>, 754 F.2d 482, 489 (2d Cir. 1985) (same).

<u>REQUEST NO. 12</u>

**Count One: Effecting Transactions with Access Devices -
Fourth Element: Effect on Interstate Commerce**

The fourth and final element of the substantive offense is that the offense affected interstate commerce.

Affecting interstate commerce means simply having an effect on the movement of goods or services or other things of value between two or more states.

It is not necessary for the Government to prove that the particular defendant you are considering personally carried or shipped the access devices across state lines or outside United States borders, nor that anyone else actually did so.

All the Government must prove is that the offense the defendant committed would have affected the movement of goods and services across state lines. In using the phrase "effects on interstate and foreign commerce," Congress intended to establish a broad jurisdictional basis. The interstate commerce element is solely used to establish jurisdiction. You do not need to find that the concept of interstate commerce was in the mind of the defendant if you find that the defendant committed the acts charged.

Adapted from Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 40-15.

16

**REQUEST NO. 13**

**Count One: Attempt**

With respect to Count One, the defendants are also charged with attempting to commit the crime of access device fraud.  In order to prove the charge of attempting to commit the crime of access device fraud, the government must prove the following two elements beyond a reasonable doubt:

First, that the particular defendant you are considering intended to commit the crime of access device fraud, which I just instructed you on; and second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission,

17

is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

It is, however, no defense to the charge of attempt that it was factually or legally impossible for the defendant to commit the crime as long as the crime could have been committed if the facts and law had been as the defendant believed them to be. In other words, a person is guilty of an attempt to commit a crime if he satisfies the elements I previously described to you and he intentionally engaged in conduct which would constitute the crime if the relevant factual and legal circumstances were as he believed them to be.

Adapted from Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 10-1.

**REQUEST NO. 14**

**Count One: Aiding and Abetting**

With respect to Count One, the defendants also are charged with "aiding and abetting."  While I have mentioned the term already in my instructions, I will explain the concept a bit further.

The aiding and abetting statute, section 2(a) of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that a particular defendant physically committed the crime with which he is charged in order for you to find the defendant guilty.  Thus, if you do not find beyond a reasonable doubt that a particular defendant committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, you may find a particular defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in

19

the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether a defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

20

    --   Did he participate in the crime charged as

           something he wished to bring about?

    --   Did he associate himself with the criminal

           venture knowingly and willfully?

    --   Did he seek by his actions to make the

           criminal venture succeed?

If he did, then that defendant is an aider and abettor, and

therefore guilty of the offense.  If he did not, then that

defendant is not an aider and abettor, and is not guilty of that

offense.

    Adapted from the charge given by the
Honorable Robert J. Ward in <u>United</u> <u>States</u> v.
<u>Williams</u> 97 Cr. 274 (RJW) (S.D.N.Y. 1999),
and from 1A L. Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u>
<u>Instructions</u>, Instr. 11-1 and 11-2, and from
the charge approved in <u>United</u> <u>States</u> v.
<u>Stanchich</u>, 550 F.2d 1294 (2d Cir. 1977).  <u>See</u>
<u>United</u> <u>States</u> v. <u>Labat</u>, 905 F.2d 18, 23 (2d
Cir. 1990) (discussing requirements of aiding
and abetting liability); <u>United</u> <u>States</u> v.
<u>Clemente</u>, 640 F.2d 1069 (2d Cir. 1981).

## REQUEST NO. 15

### Count Two: Access Device Fraud Conspiracy - General Instructions (18 U.S.C. § 1029(b)(2))

Count Two of the Indictment charges each of the defendants with participating in a conspiracy to commit access device fraud, in violation of the laws of the United States. Specifically -- and I am reading now from the Indictment -- Count Two charges that:

**[The Court is respectfully requested to read Count Two of the Indictment]**

As I said before, each of the defendants are charged with having been a member of a conspiracy to violate certain federal laws relating to access device fraud.  A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy -- or agreement -- to violate a federal law, as charged in Count Two of this Indictment, is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find a defendant guilty of the crime of conspiracy to commit access device fraud, even if no access device fraud was actually committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.

22

Adapted from the charge of the Honorable
Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91
Cr. 914 (S.D.N.Y. 1992); Sand <u>et al</u>., <u>Modern
Federal Jury Instructions</u>, Instr. 19-2.

<u>**REQUEST NO.16**</u>

**Count Two: Access Device Fraud Conspiracy -
Elements of Conspiracy**

In order to sustain its burden of proof with respect to the charge of conspiracy contained in Count Two of the Indictment, the Government must prove beyond a reasonable doubt the following elements:

<u>First</u>, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to use unauthorized credit cards or other access devices. Therefore, the first question for you is: Did the conspiracy alleged in the Indictment exist? Was there such a conspiracy?

<u>Second</u>, the Government must prove beyond a reasonable doubt that the particular defendant you are considering knowingly became a member of the conspiracy charged; that is, that he knowingly associated himself with the conspiracy, and participated in the conspiracy to commit access device fraud.

<u>Third</u>, the Government must prove that any one of the conspirators -- not necessarily the particular defendant you are considering, but any one of the parties involved in the conspiracy -- knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy in the Southern District of New York. I will give you further

25

instructions later concerning the boundaries of the Southern
District of New York.

Now let us separately consider the three elements:
First, the existence of the conspiracy; second, whether the
defendant knowingly associated himself with and participated in
the conspiracy; and third, whether an overt act was committed in
furtherance of the conspiracy.

> Adapted from the charge given by the
> Honorable Robert J. Ward in United States v.
> Williams 97 Cr. 274 (RJW) (S.D.N.Y. 1999),
> and the charge given by the Honorable Leonard
> B. Sand in United States v. Rios, 91 Cr. 914
> (LBS) (S.D.N.Y. 1992), and from Sand, Modern
> Federal Jury Instructions, Instr. 19-3.

> See United States v. Maldonado-Rivera, 922 F.2d
> 934, 961-62 (2d Cir. 1990) (quoting district court
> charge setting forth three elements of
> conspiracy), cert. denied, 111 S. Ct. 2858 (1991),
> and United States v. Ciambrone, 787 F.2d 799, 810
> (2d Cir. 1986) (discussing elements of
> conspiracy).

<u>**REQUEST NO. 17**</u>

**Count Two:  Access Device Fraud Conspiracy -
First Element:  Existence of the Conspiracy**

Starting with the first element, what is a conspiracy? As I mentioned just a moment ago, a conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose.  In this instance, the unlawful purpose alleged to be the object of the conspiracy charged in Count Two is to effect transactions with one or more access devices issued to another person or persons, to receive payment or any other thing of value during any one-year period the aggregate value of which is equal to or greater than $1,000, in violation of the access device fraud laws of the United States.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required.

The conspiracy alleged here, therefore, is an <u>agreement</u> to effect transactions with unauthorized access devices.  It is an entirely distinct and separate offense from the <u>actual</u> effecting of a transaction with one or more access devices issued to another person or persons.

Now, to show a conspiracy, the Government is not

27

required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old adage, "actions speak louder than words," applies here.  Sometimes the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the proof established beyond a reasonable doubt the existence of the

conspiracy charged in the Indictment.  In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements.  It is sufficient to establish the existence of the conspiracy, as I have already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way, to accomplish the objectives of the conspiracy charged in the Indictment.

Object of Conspiracy

         The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.  Count Two of the Indictment here charges the object of the conspiracy to effect transactions with one or more access devices issued to another person or persons to receive payment or any other thing of value during a one-year period the aggregate value of which is equal to or greater than $1,000.

         To meet its burden, the Government must prove that the conspiracy had this object.  In other words, the Government must show that the conspiracy intended to effect transactions with one or more access devices issued to another person or persons to receive payment or any other thing of value during a one-year

period the aggregate value of which is equal to or greater than $1,000.

As I discussed earlier, wholly apart from its inclusion as part of the conspiracy charged in Count Two, the object of the conspiracy - effecting transactions with one or more access devices - is also charged as a separate offense in Count One. You should bear in mind that the law relating to the object discussed here in connection with the conspiracy charged in Count Two also applies where those acts are charged as separate crimes in other counts. I instruct you that this is permissible. As I mentioned, a crime may be punished for its own sake and it may also be an object of a conspiracy - which requires proof of additional elements and which Congress has elected to make a separate and distinct crime.

> Adapted from the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS.) (S.D.N.Y. 1992), and the charge of the Honorable Kevin T. Duffy in <u>United States</u> v. <u>Ogarro</u>, 92 Cr. 114 (KTD) (S.D.N.Y. 1992), and the charge of the Honorable Kevin T. Duffy in <u>United States</u> v. <u>Burnett</u>, 92 Cr. 731 (KTD) (S.D.N.Y. 1993). <u>See also</u> Sand <u>et al</u>., <u>Modern Federal Jury Instructions</u>, Instr. 19-4.

> <u>See United States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent,

30

so long as they are not at cross-purposes.")
(citations omitted); <u>United</u> <u>States</u> v.
<u>Montour</u>, 944 F.2d 1019, 1025 (2d Cir. 1991)
("To prove the existence of an agreement, the
government need not present evidence of a
formal arrangement between the co-
conspirators.  Rather, it is sufficient if
the government can demonstrate that the
defendant acted together with others to
realize a common goal") (citations omitted).

<u>REQUEST NO. 18</u>

**Count Two:  Access Device Fraud Conspiracy -
Second Element:  Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, then you must next determine the second question: Whether the particular defendant you are considering participated in the conspiracy with knowledge of its unlawful purpose, and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant you are considering knowingly and intentionally entered into the conspiracy with a criminal intent -- that is, with a purpose to violate the law -- and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

<u>"Unlawfully," "Willfully" and "Knowingly" Defined</u>

The terms "unlawfully" and "willfully" and "knowingly" are intended to ensure that if you find that the defendant did join the conspiracy, you also conclude beyond a reasonable doubt that, in doing so, he knew what he was doing; in other words, that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "willfully" if it is done intentionally, deliberately and purposely; that is, the defendant's acts must have been the product of his conscious

32

objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

"Unlawfully" simply means contrary to law.  The defendant you are considering need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you evidence of certain acts and conversations alleged to have taken place with the defendants and their co-conspirators.  The Government contends that these acts or conversations show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy.

Each of the defendants deny that he was a member of a conspiracy.  It is for you to determine whether the Government has established to your satisfaction, beyond a reasonable doubt, that such knowledge and intent on the part of each of the defendants existed.

It is not necessary for the Government to show that a particular defendant you are considering was fully informed as to all the details of the conspiracy in order for you to infer knowledge on their part.  To have guilty knowledge, a defendant need not know the full extent of the conspiracy, or all of the activities of all its participants.  It is not even necessary for

33

a defendant to know every other member of the conspiracy.  In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary for a defendant to receive any monetary benefit from his participation in the conspiracy, or have a financial stake in the outcome.  It is enough if he participated in the conspiracy unlawfully, willfully and knowingly, as I have defined those terms.

The duration and extent of a defendant's participation has no bearing on the issue of the defendant's guilt.  He need not have joined the conspiracy at the outset; he may have joined it at any time in its progress. Each member of a conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without agreement and

34

participation is not sufficient.  What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective.

In sum, a defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby become knowing and willing participants in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

> Adapted from the charge of the Honorable
> Leonard B. Sand in United States v. Rios, 91
> Cr. 914 (LBS.) (S.D.N.Y. 1992), and from
> Sand, Modern Federal Jury Instructions,
> Instr. 19-6 and 56-18, and from United States
> v. Townsend, 987 F.2d 927 (2d Cir. 1993)
> (defining "intentionally").  See United
> States v. Rea, 958 F.2d 1206, 1214 (2d Cir.
> 1992) ("The defendant's knowledge of the
> conspiracy and participation in it with the
> requisite criminal intent may be established
> through circumstantial evidence.  A defendant
> need not have joined a conspiracy at its
> inception in order to incur liability for the

35

unlawful acts of the conspiracy committed both before and after he or she became a member."). <u>See also United States</u> v. <u>Miranda-Ortiz</u>, 926 F.2d 172, 175-76 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy); <u>United States</u> v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990) (same).

**REQUEST NO. 19**

**Count Two: Access Device Fraud Conspiracy -
Conscious Avoidance**

I remind you, as I told you regarding Count One, in
determining whether the particular defendant you are considering
knew that the credit card accounts numbers at issue belonged to
others you may consider whether he deliberately closed his eyes
to what otherwise would have been obvious.  While the necessary
knowledge cannot be established by showing that a defendant was
careless, negligent, or foolish, one may not willfully and
intentionally remain ignorant of a fact material and important to
his or her conduct in order to escape the consequences of
criminal law.  If you find beyond a reasonable doubt that the
defendant was aware that there was a high probability that he and
his co-conspirators were involved in a conspiracy to use credit
card account numbers of others to purchase goods of value of
$1,000 or greater, but that the defendant deliberately and
consciously avoided confirming this fact, then you may treat this
deliberate avoidance of positive knowledge as the equivalent of
knowledge, unless you find that the defendant actually believed
that the use of the credit card account numbers was authorized.

I would also like to point out that this legal principle
regarding the "deliberately closing of the eyes" has no bearing
on whether a conspiracy existed or whether the defendant became a
member of the conspiracy.  Rather, if the Government proves

37

beyond a reasonable doubt that the conspiracy existed and that the defendant became a member of the conspiracy, the Government may then prove that the defendant acted with knowledge of the illegal objective or purpose by showing that he deliberately closed his eyes to what otherwise would have been obvious.

**Defendant WILLIAM NKRUMAH objects to this instruction in its entirety.**

### REQUEST NO. 20

### Count Two: Access Device Fraud Conspiracy - Third Element: Overt Act

The third element is the requirement of an overt act. To sustain its burden of proof, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators in the Southern District of New York. The purpose of the overt act requirement is this: there must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the access device fraud conspiracy.

Count Two of the Indictment contains a section entitled "overt acts." These "overt acts" are examples of conduct alleged to have been undertaken by members of the conspiracy to promote the illegal objective of the conspiracy.

**[The Court is respectfully requested to read the "OVERT ACTS" section of Count Two of the Indictment.]**

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all of the overt acts alleged in the Indictment, nor must you find that either of the defendants committed an overt act. It is sufficient for the Government to show that a member of the conspiracy knowingly committed an overt act in furtherance of the conspiracy during the life of the conspiracy.

39

You are further instructed that an overt act need not have been committed at precisely the time alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

Let me put this colloquially.  The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  You should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

> Adapted from charges given by the Honorable Robert J. Ward in United States v. Williams 97 Cr. 274 (RJW) (S.D.N.Y. 1999) and by the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992) and from Sand, Modern Federal Jury Instructions, Instr. 19-8.  See United States v. Provenzano, 615 F.2d 37 (2d Cir. 1980) (discussing overt act requirement).

**REQUEST NO. 21**

**Count Two: Access Device Fraud Conspiracy -
Liability for Acts and Declarations of Co-Conspirators**

You will recall that I have admitted into evidence against the defendants the acts and statements of others, including the acts and statements of the co-defendants, because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against each of the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a member of the

41

conspiracy charged in the indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against the defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

> Adapted from the charge of the Honorable
> Michael B. Mukasey in United States v. Salam,
> S1 98 Cr. 208 (MBM (S.D.N.Y. 1999). See Sand
> et al., Modern Federal Jury Instructions,
> Instr. 19-9; United States v. Mastropieri,
> 685 F.2d 776, 786-90 (2d Cir. 1982)
> (specifically mandating that juries not be
> invited to reconsider the admissibility of
> co-conspirator hearsay).

## REQUEST NO. 22

### Count Three: Aggravated Identity Theft - The Statute

Count Three of the Indictment charges the defendants with committing aggravated identity theft, in violation of Title 18, United States Code, Section 1028A.  Specifically, Count Three charges that:

[*The Court is respectfully requested to read Count Three to the Jury, which states:*

> In or about December 2006, in the Southern District of New York and elsewhere, WILLIAM NKRUMAH, a/k/a "Rasheed", a/k/a "John Graham", and ADAM TAWIK, the defendants, unlawfully, willfully and knowingly, did transfer, possess and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Section 1028A(c), to wit, NKRUMAH and TAWIK used and transferred credit card account numbers to commit access device fraud and participate in a conspiracy to commit access device fraud as charged in Counts One and Two of this Superseding Indictment.

The relevant statute on this subject is Section 1028A of Title 18 of the United States Code, which provides, in relevant part, that:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person

is guilty of a crime.

43

**REQUEST NO. 23**

**Count Three: Aggravated Identity Theft - The Elements**

In order to find the defendant you are considering guilty of Count Three, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant is guilty of the crime charged in Count One and/or Count Two of the Indictment;

Second, that the defendant knowingly transferred, possessed, or used, or aided and abetted the transfer, possession, or use, of a "means of identification" of another person during and in relation to the commission of the crime charged in Count One and/or Count Two; and

Third, that the defendant acted without lawful authority.

44

## REQUEST NO. 24

### Count Three:  Aggravated Identity Theft - First Element:  Committed a Specified Felony

In order to find the particular defendant you are considering guilty, the first element the Government must prove beyond a reasonable doubt is that the defendant is guilty of committing the crime charged in Count One and/or Count Two.  To be guilty of committing aggravated identity theft, a defendant must have transferred, possessed, or used, or aided and abetted the transfer, possession, or use of a "means of identification" during and in relation to the commission of another crime.  The Indictment charges that the other crime as those described in Counts One and Two.

I have already instructed you on the law with respect to Counts One and Two.  You should apply these instructions in considering this count.  Please keep in mind that, for the particular defendant you are considering, the Government must prove beyond a reasonable doubt each element of at least one of the crimes charged in those Counts in order for you to consider Count Three.

45

**REQUEST NO. 25**

**Count Three:  Aggravated Identity Theft -**
**Second Element:  Transfer, Possession, or Use of Means of**
**Identification of Another**

In order to find the particular defendant you are considering guilty, the second element the Government must prove beyond a reasonable doubt is the defendant knowingly transferred, possessed, or used, or aided and abetted the transfer, possession, or use of a means of identification of another person.

I have already defined "knowingly".  As you will recall, "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.  Keep in mind that knowledge may also include the deliberate and conscious avoidance of knowledge.

The terms "transfer," "possession," and "use," have their common sense meaning.  You should apply those meanings in considering this element.

The term "means of identification" means:

any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any . . . telecommunication identifying information or access device.

As I stated earlier, an "access device" includes a credit card account number, and thus a credit card account number is a "means of identification".

46

The "means of identification" must belong to an actual person other than the defendant.  That actual person may be alive or dead.  I also instruct that, to be guilty of aggravated identity theft, a defendant need not know specifically who the means identification belongs to.  For example, the defendant need not know the name of the person who owns the means of identification.

See 18 U.S.C. § 1028(d)(7)(D) (defining a "means of identification" to include an access device); Sand et al., Modern Federal Jury Instructions, Instr. 40-4 (instruction regarding access device).

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 39A-49.

47

## REQUEST NO. 26

### Count Three:  Aggravated Identity Theft -
### Third Element:  Without Lawful Authority

In order to find the particular defendant you are considering guilty, the third element the Government must prove beyond a reasonable doubt is that the defendant you are considering possessed, transferred or used, or aided and abetted the possession, transfer or use of a means of identification without lawful authority.  To act without lawful authority means to act without authorization from someone who has authority to give such authorization, such as the owner of the means of identification.

48

## REQUEST NO. 27

### Count Three:  Aiding and Abetting

With respect to Count Three, the defendants also are charged with "aiding and abetting."  As you will recall, I explained the aiding and abetting statute with respect to Count One.  Keep in mind, under the aiding and abetting statute, it is not necessary for the Government to show that a particular defendant physically committed the crime with which he is charged in order for you to find the defendant guilty. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.  Accordingly, you may find a particular defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

> Adapted from the charge given by the
> Honorable Robert J. Ward in United States v.
> Williams 97 Cr. 274 (RJW) (S.D.N.Y. 1999),
> and from 1A L. Sand, Modern Federal Jury
> Instructions, Instr. 11-1 and 11-2, and from
> the charge approved in United States v.
> Stanchich, 550 F.2d 1294 (2d Cir. 1977).  See
> United States v. Labat, 905 F.2d 18, 23 (2d
> Cir. 1990) (discussing requirements of aiding
> and abetting liability); United States v.
> Clemente, 640 F.2d 1069 (2d Cir. 1981).

49

## REQUEST NO. 28

### All Counts
### Venue

In addition to all of the elements I have described for you in Counts One through Three of the Indictment, you must also decide whether any act in furtherance of the crime occurred within the Southern District of New York, which includes all of Manhattan, the Bronx, and Westchester.  I instruct you that the address of 3353 Third Avenue, Bronx, New York, is in the Southern District of New York.

I should note that on this issue – and this issue alone – the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime charged occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit each of the defendants.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-11. See 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another, including mail fraud); see also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard), cert. denied, 502 U.S. 1014 (1991).

50

## REQUEST NO. 29

### Variance in Dates

As we have proceeded through the Indictment, you have noticed that it refers to various dates.  It does not matter if the Indictment provides that specific conduct is alleged to have occurred on or about a certain date and the evidence indicates that in fact it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-12, 3-13.

51

## REQUEST NO. 30

**Persons Not on Trial / Failure to Name a Defendant**

You may not draw any inference, favorable or unfavorable, toward the Government or the defendants on trial from the fact that any persons in addition to the defendants are not on trial here. You may also not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

You may not draw any inference, favorable or unfavorable, toward the Government or the defendants on trial from the fact that other persons were not named as defendants in the indictment.  The circumstances that these persons were not indicted must play no part in your deliberations.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 3-4. Also adapted from Judge Werker's charge in United States v. Barnes et al., S 77 Cr. 190 (Nov. 29, 1977), aff'd, 604 F.2d 121 (2d Cir. 1979).

52

## REQUEST NO. 31

## Defendant's Right Not to Testify
## [If requested by defense.]

[NAME] did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that a defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand et al., Modern Federal Jury Instructions, Instr. 5-21.

53

## REQUEST NO. 32

Defendant's Testimony
**[If applicable]**

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, [NAME] did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 4-7; <u>cited approvingly</u> in <u>United States</u> v. <u>Gaines</u>, 457 F.3d 238 (2d Cir. 2006).

54

**REQUEST NO. 33**

**Law Enforcement Witnesses**

You have heard the testimony of law enforcement witnesses.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-16.

55

### REQUEST No. 34

### Preparation of Witnesses
### [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of Hon. Michael B. Mukasey in United
States v. Abdul Latif Abdul Salam, 98 Cr. 208
(MBM) (S.D.N.Y. 1999).

56

**REQUEST NO. 35**

**Uncalled Witnesses -- Equally Available**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7. See United States v. Super, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); accord United States v. Brown, 511 F.2d 920, 925 (2d Cir. 1975).

57

## REQUEST NO. 36

### Stipulations
### [If Applicable]

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

> Adapted from the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (S.D.N.Y. 1992), and from Sand, Modern Federal Jury Instructions, Instrs. 5-6, 5-7.

<u>REQUEST NO. 37</u>

## Particular Investigative Techniques Not Required
## [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  <u>The Government is not on trial, and law enforcement techniques are not your concern.</u>

<u>Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.</u>

> Adapted from the charge of Judge Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Judge John F. Keenan in <u>United States</u> v. <u>Medina</u>, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

**Defendants WILLIAM NKRUMAH and ADAM TAWIK object to the above underlined language.  Otherwise, this request is without objection.**

59

## REQUEST NO. 38

### Sympathy: Oath as Juror

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the defendants you are considering beyond a reasonable doubt.

It is for you and you alone to decide whether the Government has proven that the defendants in question are guilty of the crimes charged, solely on the basis of the evidence or lack of evidence, and subject to the law as I have instructed you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt with respect to a particular count you are considering, you should not hesitate to render a verdict of not guilty on that charge for that defendant. But, on the other hand, if you should find that the Government has met its burden of proving a defendant's guilt beyond a reasonable doubt, with respect to a particular count you should not hesitate because of sympathy or any other reason to render a verdict of guilty on that charge.

## REQUEST No. 39

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of each of the defendants with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open Court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered <u>without fear,</u> without favor and without prejudice or sympathy.

> Adapted from the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973); <u>see also</u> <u>United States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1970).

**Defendant WILLIAM NKRUMAH objects to the above underlined language.  Otherwise, this request is without objection.**

Dated:      New York, New York
            August 27, 2007

        Respectfully submitted,

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York


By:   __/s/_____
        Parvin Moyne
        Assistant United States Attorney
        Telephone:(212) 637-2510

        __/s/_____    /s/_____
        Bruce McIntyre, Esq.          Daniel Nobel, Esq.
        *Attorney for* Adam Tawik     *Attorney for* William Nkrumah
        Telephone:(212) 219-3100      Telephone:(212) 219-2870