**BRUCE MCINTYRE, ESQ.**
401 BROADWAY - SUITE 1503
NEW YORK, NY 10013
(212) 219-3100
FAX: 219-3701

January 8, 2008

BY ECF

Hon. Shira Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

              Re:   United States v. Adam Tawik
                    07 Cr. 137 (SAS)

Dear Judge Scheindlin:

      I submit this letter on behalf of Mr. Adam Tawik, the above-referenced defendant, to make corrections to the Presentence Report (the "PSR"), particularly to the Guideline calculation, and to provide the Court with additional information relevant to his sentencing.

      Adam Tawik is thirty years old with no prior criminal record. He is a devoted husband and member of his family. Those who have come to know him over the years can scarcely believe the turn of events that has led him to this sentencing. As the Court may recall, some of these individuals testified as to his good character at the trial. That testimony as well as the PSR clearly demonstrate that Adam Tawik has lived an exemplary life: he has strong family ties and is a valued friend and respected member of his community.

      Adam Tawik is not a criminal. As a result of winning a lottery, he came to the United States from his native Ghana with great hopes and a determination to succeed through legitimate means. His plan was to do well enough to eventually bring his young bride here to share in the American dream. He worked hard. It is incomprehensible that this young man would risk losing all he had worked for in a criminal conspiracy. But he was naive and was duped by an unscrupulous con man and fellow Ghanian, William Nkrumah. Mr. Tawik's undoing was in trusting, and agreeing to do a favor for, a countryman. Mr. Tawik deeply regrets his involvement in the instant offense.

Hon. Shira Scheindlin         - page 2 -              January 8, 2008

Valuation of the Loss

      We submit that the loss attributable to Mr. Tawik for purposes of calculating his guideline level is $20,000, not $36,605, the amount attributed to him in the PSR. (PSR at ¶ 24). Accordingly, his offense level should be increased by four, not six, levels.

      There were two deliveries. The first involved equipment with a total cost of approximately $16,605 (PSR at ¶ 10). The equipment delivered on the second occasion had a cost of $20,000 (PSR at ¶ 12). Mr. Tawik was arrested at the second delivery. But there was absolutely no evidence to connect Mr. Tawik to the first delivery. In fact, David Voellm, the Government's only eyewitness to the first delivery, testified that Mr. Tawik was not there.

      Mr. Voellm, the driver, testified that two men approached his truck during the first delivery; neither one was Mr. Tawik. Mr. Voellm also stated that one of the men claimed to be the person that Mr. Voellm had been speaking to on the phone prior to the first delivery. Mr. Voellm testified that the voice of the person who signed for the first delivery could in fact have been the same person who had set up that delivery. In addition, the cell phones used in setting up the first delivery were all recovered from the co-defendant, William Nkrumah.

      Because Mr. Tawik was not involved in the first delivery, he should only be held responsible for the value of loss related to the second delivery. Thus we disagree with the Probation Department (PSR at ¶ 24) and would increase his offense level by only four levels, pursuant to U.S.S.G. §2B1.1(b)(1)(C).

Adjustment for Role

      Mr. Tawik is entitled to a role adjustment as a minimal participant pursuant to U.S.S.G. § 3B1.2. His actions were not important to the success of the venture and his role was not essential. There is nothing to suggest that he had any significant knowledge of the operation or that he knew the type, amount or value of the goods or the terms of any transactions. With respect to compensation, Mr. Tawik did not receive nor was he promised any profit from the conspiracy.

      All of the evidence in this case pointed to the co-defendant, William Nkrumah, as the driving force behind this complex conspiracy. It was Mr. Nkrumah, not Mr. Tawik, who possessed numerous cell phones, including those directly involved the conspiracy. It was Mr. Nkrumah, not Mr. Tawik, who made all

Hon. Shira Scheindlin         - page 3 -              January 8, 2008

the arrangements and the phone calls. It was also Mr. Nkrumah, not Mr. Tawik, who went by various aliases and possessed numerous fraudulent identification documents. And even though the same warehouse was used for the deliveries, it was Mr. Nkrumah, not Mr. Tawik, whom Daniel Adjei, the owner of the warehouse, identified. Significantly, Mr. Adjei did not even recognize Mr. Tawik.

Mr. Tawik's culpability is far less than that of the typical offender involved in this type of crime. As the Government conceded in its summation:

> We know that Adam Tawik was a lesser player. He wasn't arranging the orders or deliveries of orders. He wasn't placing phone calls. He wasn't the one providing the credit card account numbers.... He was a minor participant in this conspiracy....

Trial transcript, at page 459, lines 18-22. Accordingly, Mr. Tawik should be given the appropriate mitigating role reduction as a minimal participant.

Guideline Calculation

We calculate Mr. Tawik's guidelines as follows: base offense level of 6, pursuant to U.S.S.G. § 2B1.1(a)(2); an increase of 4 levels based upon the loss, pursuant to U.S.S.G. § 2B1.1(b)(1)(C); and, a downward adjustment of 4 levels for his minimal role in the offense, pursuant to U.S.S.G. § 3B1.2(a). The result is a total offense level of 6 and a corresponding sentencing range of zero to six months.

We respectfully request that the Court sentence Mr. Tawik to a period of incarceration of twenty-four (24) months, the statutory minimum: time served for Counts 1 and 2, and the mandatory minimum 24 months for Count 3. We submit that such a sentence would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

_____/s/_____
Bruce McIntyre
Attorney for Adam Tawik

cc:   Parvin Moyne, Esq.
      Assistant United States Attorney